*E-FILED 09-29-2010*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE APPLICATION PURSUANT TO 28 U.S.C. § 1782 OF SUNTECH POWER JAPAN CORPORATION,<br><br>Applicant,<br><br>— to take discovery of —<br><br>LDK SOLAR USA, INC.,<br><br>Respondent. | No. C10-80202MISC JW (HRL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART APPLICATION FOR DISCOVERY IN AID OF A FOREIGN PROCEEDING**<br><br>[Re: Docket Nos. 1 and 7] |

Applicant Suntech Power Japan Corporation (Suntech) is a solar energy company. Suntech says that it has been sued in a German civil court by Q-Cells SE (Q-Cells). In that lawsuit, Q-Cells reportedly sues for breach of contract arising out of two supply agreements between Q-Cells and MSK Corporation, Suntech's predecessor.

Pursuant to 28 U.S.C. § 1782, Suntech moves for leave to conduct discovery of LDK Solar USA, Inc. (LDK), which is headquartered in Sunnyvale, California. Of particular interest, says Suntech, is LDK's contract(s) with Q-Cells, as well as modifications to those agreements. LDK takes no position as to Suntech's request for leave to serve subpoenas.

The matter is deemed appropriate for determination without oral argument, and the hearing set for October 5, 2010 is vacated CIV. L.R. 7-1(b). Having considered the moving papers, Suntech's motion will be granted in part and denied in part. *See Intel Corp. v. Advanced*

*Micro Devices, Inc.*, 542 U.S. 241 (2004).  Suntech will be permitted to serve a subpoena seeking (1) the production of LDK's supply contract and amended supply contracts with Q-Cells; and (2) a deposition of an LDK corporate representative as to the Q-Cells–LDK agreements.  However, in granting Suntech leave to serve subpoenas seeking this discovery, this court does not intend to foreclose any valid objections that may be raised with respect to the information sought.  Suntech's request to otherwise serve subpoenas for any "additional documents and the taking of additional depositions as Suntech may reasonably deem appropriate based upon review of documents produced and depositions given by [LDK]" (Application at 5) is denied without prejudice to Suntech to show, upon further application, that any such discovery is warranted.

Suntech has submitted a proposed protective order.  Nevertheless, to the extent LDK claims that any information called for by Suntech's subpoenas is confidential, the parties shall meet-and-confer, in the first instance, to attempt to agree to the terms of an appropriate confidentiality agreement.  This court trusts that the parties should be able to reach an agreement on their own.  However, if they cannot, either side may seek appropriate relief in this court to resolve any disputes as to the terms of any protective order to be entered here.

SO ORDERED.

Dated:   September 29, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

2

1  5:10-mc-80202-JW Notice has been electronically mailed to:

2  James M. Schurz    jschurz@mofo.com, LSangalang@mofo.com

3  John C. Tang    john.tang@lw.com, kerry.morales@lw.com, svdocket@lw.com

4  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.